IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** 455 Massachusetts Ave., N.W. Washington, D.C.  20001<br><br>Plaintiff,<br><br>v.<br><br>**U.S.  SMALL BUSINESS ADMINISTRATION** 409 3rd St., S.W. Washington, D.C. 20416<br><br>Defendant. | Civil Action No.  17-1836 |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief.  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of the U.S. Small Business Administration ("SBA") to disclose records CREW requested under the FOIA regarding the role and duties of Senior White House Counsel Mary Anne Bradfield and SBA's failure to grant CREW's request for a waiver of search and processing fees.

2. This case seeks declaratory relief that the SBA is in violation of the FOIA, 5 U.S.C. § 552(a)(3)(a), by refusing to search for and provide plaintiff with all responsive documents and in violation of the FOIA and agency regulations for failing to grant CREW's request for a waiver of fees.  This case further seeks injunctive relief that defendant immediately and fully comply with CREW's request under the FOIA.

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

4. Plaintiff CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to reducing the influence of money in politics and helping to foster a government that is ethical and accountable. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. CREW routinely publishes reports, blog posts, and articles to educate the public about issues surrounding government ethics and the influence of money in politics. Many of CREW's educational reports and other output rely on information received from FOIA requests. *See, e.g.*, *What CREW Learned About Former Rep. Alan Mollohan (D.WV)* (featuring nine-page report based on responses to CREW FOIA request to Department of Justice (DOJ) and linking to relevant DOJ documents), *available at* http://bit.ly/2vsZFhL.

6. CREW will analyze the information it receives that is responsive to its request and will share it with the public through memoranda, reports, blog posts, and/or press releases. In addition, CREW will disseminate any documents it acquires from its request to the public through its website, www.citizensforethics.org.

7. CREW is harmed by the SBA's failure to comply with the FOIA because that failure impairs CREW's ability to provide full, accurate, and current information to the public on a matter of public interest, namely the extent to which agency decisions are being dictated by the White House through a process divorced or separate from agency heads.  5 U.S.C. § 552(a)(6)(c).

8. Defendant the SBA is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701.  The SBA has possession and control of the requested records and is responsible for fulfilling plaintiffs' FOIA request.

### STATUTORY FRAMEWORK

9. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

10. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether to fulfill the request and of the requester's right to appeal the agency's determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

11. The FOIA also requires each agency to promulgate regulations specifying a fee schedule for the processing of FOIA requests and establishing procedures and guidelines for the waiver or reduction of fees.  5 U.S.C. § 552(a)(4)(A).  The SBA's fee waiver regulations are found at 13 C.F.R. § 102.6.

12. Under the FOIA, agencies should produce documents at no charge to the requester or at a reduced charge if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or

activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

13. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FOIA REQUEST AT ISSUE

14. On March 24, 2017, CREW sent a FOIA request to the SBA by electronic mail. This request sought:

> (1) Copies of all calendars and/or other records reflecting meetings [for] Senior White House Counsel Mary Anne Bradfield from January 20, 2017 to the present;
> (2) Documents reflecting the mission, responsibilities, and duties of the Senior White House Counsel position currently held by Ms. Bradfield; and
> (3) All communications between Ms. Bradfield and White House Deputy Chief of Staff Rick Dearborn and/or his top aide John Mashburn, from January 20, 2017 to the present.

15. As part of its FOIA request, CREW requested a fee waiver from the SBA on two grounds. First, the subject of the request concerns the operations of the federal government and disclosure will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Second, CREW qualifies as a member of the news media.

16. CREW analyzes and disseminates information to the public in a myriad of ways. CREW's website receives tens of thousands of page views every month. The website includes a blog that reports on and analyzes newsworthy developments regarding government ethics, corruption, and money in politics. In addition, CREW has published numerous reports to educate the public about these issues.

17. CREW routinely requests and receives FOIA fee waivers from federal agencies.

18. In each of the instances where CREW has litigated an agency's denial of CREW's fee waiver request on grounds similar to those presented here, the courts have concluded CREW is entitled to a fee waiver. *See CREW v. U.S. Dep't of Ed.*, 593 F. Supp. 2d 261, 269-72 (D.D.C. 2009) (finding CREW satisfied requirement for fee waiver with respect to requests where issue was not moot); *CREW v. U.S. Dep't of Justice*, 602 F. Supp. 2d 121, 129-130 (D.D.C. 2009) (granting fee waiver and finding that CREW satisfied both informative value and public significance prong of fee waiver requirement); *CREW v. U.S. Dep't of Health and Human Serv.*, 481 F. Supp. 2d 99, 117-18 (D.D.C. 2006).

19. On or around March 2017, CREW sent similar FOIA requests to 14 other federal agencies seeking the same categories of records sought in its March 24, 2017 request to the SBA, concerning the Senior White House Advisor appointed to the respective agencies.

20. To-date, each agency that has responded to CREW's fee waiver request either specifically granted the request or otherwise determined that it would provide responsive documents without charge.

21. By letter dated April 26, 2017, the SBA Acting General Counsel, Eric Benderson, notified CREW that its fee waiver request had been denied.

22. Mr. Benderson's letter stated that the request was denied because the "SBA has determined that the requestor has failed to demonstrate that the disclosed records would contribute to increased understanding of the public at large." The letter

5

explained that "[i]n evaluating the identity and qualifications of [CREW], SBA has found that there is little evidence of analysis or synthesis beyond passively making previous FOIA documents available for the public."

23. On May 17, 2017, CREW appealed the fee waiver denial to the SBA Office of Hearings and Appeals.

24. In its appeal, CREW stated that Mr. Benderson's letter lacked analysis and failed to consider the evidence that CREW had proffered establishing that it meets the burden for a fee waiver. Specifically, CREW pointed to its website, which houses numerous reports, articles, and blog posts, to demonstrate that CREW routinely uses information received through FOIA requests to actively educate the public on matters of national importance. CREW is not, as Mr. Benderson asserted, simply a passive recipient and provider of documents under the FOIA.

25. By letter dated August 3, 2017, Oreoluwa Fashola, Acting Chief of the Freedom of Information/Privacy Acts Office, denied CREW's appeal.

26. Notably, the letter denying CREW's appeal reasons that "the majority" of the requested information "is in the public domain" and lists several sources of publicly available information. The publicly available information cited by the SBA in its letter, however, is different from the types of information and records sought by CREW in its FOIA request. For example, CREW seeks Ms. Bradfield's calendar and communications between Ms. Bradfield and the White House Deputy Chief of Staff. This information is not publicly available on the SBA's website, and the SBA's denial letter does not address these categories of information or where they can be found in the public record.

27. To date, the SBA has not made a determination on CREW's March 24, 2017 FOIA request and has informed CREW that it will not do so absent payment of a fee.

28. Because the SBA has failed to make a determination on CREW's FOIA request and has denied CREW's appeal of the agency's initial determination that CREW is not entitled to a fee waiver, CREW has now exhausted all applicable administrative remedies.

## PLAINTIFF'S CLAIMS FOR RELIEF

### COUNT I
### (Improper Denial of Fee Waiver)

29. CREW re-alleges and incorporates by reference all preceding paragraphs.

30. CREW has demonstrated that it is entitled to a waiver of fees associated with processing its FOIA request, because disclosure of responsive records will likely contribute to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of CREW.

31. CREW is further entitled to a fee waiver because it qualifies as a member of the news media.

32. Therefore, the SBA violated the FOIA and the SBA's own regulations when it denied CREW's administrative appeal and upheld the SBA's initial determination that CREW is not entitled to a waiver of fees.

### COUNT II
### (Wrongful Withholding of Non-Exempt Records Requested by CREW)

33. CREW re-alleges and incorporates by reference all preceding paragraphs.

34. CREW properly asked for records within the custody and control of the SBA.

35.     CREW is legally entitled to access the records requested under the FOIA, unless the SBA makes an explicit and justified statutory exemption claim.

36.     SBA has produced no records to CREW in response to its March 24, 2017 request.

37.     By failing to release the records as CREW specifically requested, the SBA violated the FOIA.

38.     CREW is entitled to injunctive and declaratory relief with respect to the prompt processing and disclosure of the requested records.

### REQUESTED RELIEF

WHEREFORE, CREW respectfully requests that this Court:

(1) Declare that the SBA violated the Freedom of Information Act and agency regulations when it determined that CREW is not entitled to a waiver of all fees associated with the processing of its FOIA request, and declare that CREW is entitled to a fee waiver;

(2) Order the SBA to grant CREW a waiver of all fees associated with processing CREW's request;

(3) Order the SBA to fully and promptly process CREW's March 24, 2017 FOIA requests and disclose all non-exempt documents immediately to CREW;

(4) Issue a declaration that CREW is entitled to prompt processing and disclosure of the requested records;

(5) Provide for expeditious proceedings in this action;

(6) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(7) Award CREW its costs and reasonable attorneys' fees in this action; and

(8) Grant such other relief as the Court may deem just and proper.

                                    Respectfully submitted,

                                    /s/ Anne L. Weismann

                                    Anne L. Weismann
                                    (D.C. Bar No. 298190)
                                    Citizens for Responsibility and Ethics
                                          in Washington
                                    455 Massachusetts Ave., N.W.
                                    Washington, D.C. 20001
                                    Phone: (202) 408-5565
                                    Facsimile: (202) 588-5020

Dated: September 7, 2017